UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

DIONNE DAVIS,

                   Plaintiff,

v.

WAYNE COUNTY COMMUNITY
COLLEGE DISTRICT,

                   Defendant.

Case No. 26-cv-

Hon.

_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Road, Suite 445
Livonia, MI 48152
(734)744-7002
eric@stempien.com
Asst: shawn@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Dionne Davis, by and through her attorneys Stempien Law, PLLC, hereby complains against Defendant Wayne County Community College District, and in support thereof states:

1. Plaintiff Dionne Davis ("Davis" or "Plaintiff") is a resident of the City of Canton, Wayne County, Michigan.

1

2. Defendant Wayne County Community College District ("WCCCD") is a political subdivision of the State of Michigan, organized and founded pursuant to the statutes of the State of Michigan.

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §12101, et. seq.

4. On or about May 8, 2025, Davis filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

5. On or about February 24, 2026, the EEOC issued a Dismissal and Notice of Rights letter to Davis.

## **GENERAL ALLEGATIONS**

6. Davis began her employment with WCCCD in 1991; her current position at WCCCD is General Clerk.

7. In 2012, Davis suffered injuries in a motor vehicle accident.

8. As a result of those injuries, Davis required, and received, reasonable accommodations from WCCCD.

9. In November 2018, Davis was assigned to work at WCCCD's Ted Scott Campus in Belleville, Michigan.

10. In April 2025, Plaintiff was told by WCCCD that she was no longer allowed to use medical equipment which she used regularly to accommodate her disability.

2

11. Following her objection to this notice, Plaintiff was suspended from her position at WCCCD for three days.

12. Plaintiff was subsequently told that WCCCD would no longer provide her with reasonable accommodations.

13. On August 25, 2025, Davis was transferred from WCCCD's Ted Scott Campus to its Northwest Campus.

14. Plaintiff was assigned to work in the basement upon her transfer to Northwest Campus, which impacts her vertigo disorder, chronic back pain, and anxiety disorder, which additionally leads to panic attacks.

15. On February 19, 2026, Plaintiff's treating doctor sent a letter to WCCCD with a request for accommodations for Plaintiff on February 19, 2026, which

16. The requested accommodations included: that her work station be moved from the basement floor because she was unable to use the elevator due to her vertigo and it was very difficult for her to use the stairs due to her chronic back pain and vertigo.

17. On March 13, 2026, Plaintiff received a letter from WCCCD's Human Resources denying her accommodation request, with no explanation of the reasons for the denial.

18. The letter only provides her with options to take a Family/Medical Leave of Absence, to begin receiving Short-Term Disability, or to exhaust her sick and/or vacation banks.

19. There are at least 2 available workstations on the first floor in the Admissions and Records departments where Plaintiff could be relocated, yet WCCCD refuses to relocate Plaintiff from her basement workstation.

20. In its letter to Plaintiff, WCCCD listed Davis' requested accommodations as "restrictions," but the accommodations requested do not place any restrictions on Davis' ability to work.

21. On March 16, 2026, Plaintiff attempted to discuss the letter with administrative staff member Will Sampson in Mr. Sampson's office. Mr. Sampson told Plaintiff to instead report to her work area.

22. Mr. Sampson then went to Plaintiff's work desk to discuss the letter, to which another administrative staff member, Sharnita Ford, joined. Plaintiff describes that this interaction became intense, leading to her disabilities being shared with students and staff who were nearby when the conversation occurred.

23. Davis has attempted, on multiple occasions, to contact human resources and other WCCCD officials to receive an explanation for their refusal to allow her to return to work, but WCCCD refuses to even discuss the issues with her.

24. As a result of Defendant WCCCD's refusal to grant Plaintiff's accommodations, she was unable to perform her work duties, forcing her to take an unwanted medical leave.

25. On April 17, 2026, Plaintiff began her medical leave.

**COUNT I**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**FAILURE TO ACCOMMODATE**

26. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff was a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act, and 42 USC §12101, et. seq. (as amended) ("ADA").

28. Plaintiff has a disability as that term is defined by the ADA.

29. Defendant was aware of Plaintiff's disability.

30. Plaintiff made a request for a reasonable accommodation, by way of:

    a. Requesting a modified job schedule;
    b. Requesting use of very little leave time, or paid time off, for the purpose of attending physical therapy and other medical appointments;
    c. Requesting acquisition or modification of equipment and/or devices at her workstation.
    d. Other reasonable accommodations.

31. In addition to the requests above, Plaintiff indicated to Defendant that she was willing to engage in an interactive process regarding the structure, timing and other factor related to her requests for reasonable accommodation.

32. Such reasonable accommodations would not be an undue burden on WCCCD.

33. WCCCD has failed and refused to grant any reasonable accommodations to Plaintiff.

34. WCCCD has refused to engage in an interactive process with Plaintiff.

35. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered damages, including but not limited: loss of job position, lost past and future wages, lost past and future employment benefits, loss of earning capacity, emotional distress and attorney fees.

## COUNT II
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION

36. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

37. Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act, 42 USC §12101, et. seq.

38. WCCCD regards Plaintiff has having a disability.

6

39. Plaintiff is qualified for the position of General Clerk, with or without reasonable accommodation.

40. Plaintiff has suffered an adverse employment action, because WCCCD has refused to return her to her position despite having been cleared to return to work by her physicians.

41. The adverse employment actions taken by WCCCD were made because of Plaintiff's disability.

42. Further, Plaintiff was subjected to the adverse employment action because of an actual or perceived physical or mental impairment.

43. As a direct and proximate result of WCCCD's disability discrimination, Plaintiff has suffered damages as fully set forth in paragraph 27 of this Complaint.

WHEREFORE, Plaintiff Dionne Davis prays that this Honorable Court enter a judgment in her favor against Defendant Wayne County Community College District, and further:

    a. Enter both preliminary and permanent injunctions against Defendant, ordering that Defendant return Plaintiff to her job position forthwith;

    b. Enter a money judgment against Defendant for all lost wages and employment benefits as a result of Defendant's illegal acts;

    c. Enter a money judgment against Defendant for payment of all emotional distress damages suffered by Plaintiff;

    d. Enter a money judgment against Defendant for all attorney fees incurred by Plaintiff in enforcing her ADA rights.

## JURY DEMAND

Plaintiff Dionne Davis hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC


*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: May 12, 2026

8